IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **KAYLYNN RAZO,**<br><br>               **Plaintiff,**<br><br>vs.<br><br>**JEFFERSON CAPITALSYSTEMS LLC**<br>**and TYSON CULLIMORE,**<br><br>               **Defendants.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>Case No. 2:23-CV-183-DAK-CMR<br><br>Judge Dale A. Kimball<br>Magistrate Judge Cecilia M. Romero |

This matter is before the court on Plaintiff Kaylynn Razo's Motion for Partial Summary Judgment [ECF No. 21] and Defendants Jefferson Capital Systems LLC and Tyson Cullimore's Cross Motion for Summary Judgment [ECF No. 26]. On August 22, 2024, the court held a hearing on the motions. At the hearing, Plaintiff was represented by Eric Stephenson, and Defendants were represented by Justin H. Homes. The court took the motions under advisement. After carefully considering the memoranda filed by the parties and the law and facts pertaining to the motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Prior to 2109, Plaintiff Kaylynn Razo incurred a debt with Synchrony Bank for personal, family, or household purposes ("Synchrony Bank debt"). On January 14, 2020, Razo filed for bankruptcy in the United States Bankruptcy Court for the District of Utah and listed the Synchrony Bank debt in her bankruptcy. Synchrony Bank did not object to the bankruptcy, file any proof of claim, or appear at any hearings to oppose discharge of the debt. On April 29, 2020, the debt was discharged in Razo's bankruptcy. A year-and-a-half later, on September 22, 2021,

the discharged debt was assigned to Defendant Jefferson Capital Systems to collect. Jefferson Capital is a licensed and bonded collection agency.

On December 15, 2022, Defendant Tyson Cullimore, an attorney who works for Jefferson Capital Systems, filed a lawsuit in Utah state court on behalf of Jefferson Capital to collect the discharged debt from Razo. In the lawsuit against Razo, Defendants represented that the debt was past due, and Razo still owed the debt in the amount of $1431.25. However, this was the debt discharged in Razo's bankruptcy. Razo moved to dismiss Defendants' lawsuit, and the court dismissed Defendants' lawsuit with prejudice on March 1, 2023, because the debt was discharged in bankruptcy, Razo no longer owed the debt, and Defendant was prohibited from attempting to collect the debt as a matter of law. The court also found that Jefferson Capital lacked standing and had not suffered any damages.

Two weeks later, on March 15, 2023, Razo filed the present case against Jefferson Capital and its attorney who brought the collection action against Razo, Tyson Cullimore, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Utah Consumer Sales Practices Act ("UCSPA"), Utah Code Ann. § 13-11-1, *et seq*.

## DISCUSSION

### Razo's Partial Motion for Summary Judgment

Razo only seeks entry of partial summary judgment against Defendants for the specific FDCPA violations.[1] Razo argues that the court can enter judgment in her favor because this case is a textbook example of FDCPA violations. Specifically, Razo argues that Defendants violated 15 U.S.C. §§ 1692f and 1692f(1), by collecting amounts that were not authorized or permitted, and violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10), by falsely representing the character,

---

[1] Razo reserves the determination of damages and other claims for a jury.

2

amount, and legal status of the debt. Because the Synchrony Bank debt was already discharged in Razo's bankruptcy, Razo did not owe the debt, no longer had an obligation to pay it, and Defendants were prohibited under the FDCPA from attempting to collect the discharged debt. Collecting a discharged debt is a *per se* violation of the FDCPA.

Defendants oppose Razo's Motion for Partial Summary Judgment and filed their own Cross Motion for Summary Judgment asserting that Razo's motion should be denied, and their motion should be granted, for two separate reasons. First, Defendants argue that Utah state claim preclusion law prohibits Razo's FDCPA and UCSPA claims in this action. And, secondly, the Bankruptcy Code precludes her FDCPA and UCSPA claims.

1. Claim Preclusion

Under recent Tenth Circuit precedent, Defendants contend that Razo's claims are barred as a matter of Utah state law under the doctrine of claim preclusion. *See McMurray v. Forsythe Fin., LLC,* 2023 WL 5938580, *2 (10th Cir. Sept. 12, 2023) (unpublished). *McMurray* is an unpublished decision so it is not binding precedent, but it may be cited for its persuasive value. Fed. R. App. P. 32.1, 10th Cir. R. 32.1. In *McMurray*, the Tenth Circuit concluded that Utah law requires FDCPA and UCSPA claims arising from the filing of a collection complaint to be raised in that collection action because claim preclusion bars litigants from bringing the claims in a subsequent proceeding. *McMurray*, 2023 WL 5938580 at *3-4. Razo, however, argues that Defendants procedurally waived their claim preclusion affirmative defense by not including it in their Answer and, even if the court allows them to raise the defense, it fails on the merits.

A. Waiver of Affirmative Defense

Procedurally, Razo argues that Defendants waived their claim preclusion defense because they did not include it in their Answer and Rule 8 of the Federal Rules of Civil

3

Procedure specifically includes res judicata as a defense that is waived if not asserted at the pleading stage. Fed. R. Civ. P. 8(c)(1).

Defendants admit that they did not assert a res judicata/claim preclusion affirmative defense in their Answer. However, Defendants contend that at the time Defendants filed their Answer on May 2, 2023, the Tenth Circuit had not issued its decision in *McMurray*, and two judges in this District had already expressed disagreement with the *McMurray* district court's ruling. *Sexton v. Poulsen and Skousen, P.C.*, 372 F. Supp. 3d 1307 (D. Utah 2019) (Parrish, J.); *Chamberlain v. Crown Asset Mgmt.*, 608 F. Supp. 3d 1091 (D. Utah) *amended* 622 F. Supp. 3d 1068 (D. Utah 2022) (Kimball, J.); *Cotte v. CVI SGP Acquisition Trust, CVI SPG-Co*, Case No. 2:21-cv-299-JNP-DAO,2022 WL 464307 (D. Utah Feb. 15, 2022). In *McMurray*, the Tenth Circuit recognized, contrary to *Sexton, Chamberlain, and Cotte*, that FDCPA and UCSPA claims arising from the filing of a collection lawsuit were precluded in a subsequent action under Utah claim preclusion law. *McMurray*, 2023 WL 5938580 at *3-4.

Defendants further argue that on March 28, 2024, the Utah Court of Appeals affirmed a state district court's application of *McMurray*. *LeBaron v. Drs. & Merchants Credit, Inc.*, 2024 UT App 42. Although the Utah Court of Appeals affirmed the district court on different grounds, Defendants claim that *LeBaron* was the first indication that *McMurray* had been adopted by a Utah state court. Defendants claim, therefore, that they did not waive an affirmative defense by failing to include a defense that did not exist until September 2023 or March 2024.

Razo, however, argues that Defendants waived their claim preclusion defense as a matter of law by failing to include it in their Answer and, in any event, when the Tenth Circuit and Utah Court of Appeals ruled on the claim preclusion issue, Defendants should have moved to amend their Answers rather than waiting to raise them in opposition to summary judgment. But the general rule that a defendant waives an affirmative defense by failing to plead it is not absolute.

4

"[T]he Tenth Circuit has held that in considering 'whether an affirmative defense may first be raised in a motion for summary judgment,' the court should 'apply the same standards that govern motions to amend'—*i.e.*, whether there is prejudice to the opposing party or other grounds to deny the constructive amendment of the answer 'such as undue delay, bad faith, or dilatory motive . . . . , or repeated failure to cure deficiencies by amendments previously allowed.'" *Revive Investing LLC v. Armistice Cap. Master Fund, Ltd.*, No. 20-CV-02849-CMA-SKC, 2023 WL 5608350, *9-10 (D. Colo. Aug. 30, 2023) (quoting *Ahmad v. Furlong*, 435 F.3d 1196, 1202 (10th Cir. 2006)). Therefore, Defendants did not necessarily need to move to amend their Answer as soon as the new cases were decided. This caselaw allows a party to raise an unasserted, waivable affirmative defense in connection with summary judgment if the party meets the standards applicable to motions to amend.

When the Tenth Circuit issued its decision in *McMurray* on September 12, 2023, it was more than four months after Defendants filed their Answer, and the legal landscape materially changed. Although *McMurray* is an unpublished decision, it essentially put to rest the disagreements on the issue in this District. Other courts have recognized an exception to the general rule of waiver exists for when there has been an intervening change in the law recognizing an issue or defense that was previously unavailable. *See Big Horn Cty Elec. Co-op v. Adams*, 219 F.3d 944, 953 (9th Cir. 2000). "The intervening-change-in-law exception to our normal waiver rules . . . exists to protect those who, despite due diligence, fail to prophesy a reversal of established adverse precedent." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 374 (6th Cir. 2007). Given that Defendants raised the issue only a few months after new caselaw establishing the defense came into existence, the court does not find any undue delay, dilatory motive, or bad faith. The issue, therefore, is whether there would be any prejudice to Razo in allowing Defendants to proceed with the affirmative defense.

Razo argues that she had no notice of the affirmative defense, did not conduct any discovery in relation to it, and discovery is now closed. In addition, she points to the time, money, and effort she has expended to adjudicate Defendants' conceded violations of federal law. And, finally, Razo claims that she never had any reason to anticipate these defenses because they are "completely off base."

Razo claims surprise, but the sort of surprise that impacts a waiver determination involves facts and circumstances of the case, not changes in law. At a time when there were cases in this District determining the issue both ways, she made a strategy decision to file a separate federal action for her FDCPA and UCSPA claims. Her counsel as much as Defendants' counsel would have known the issue was at the Tenth Circuit. This is not a case where there are unknown facts that surprised her. Razo was actively involved in the underlying state collection action and immediately got it dismissed.

Razo also claims unfair prejudice because she did not conduct discovery on the issue and discovery is closed  But the issues are legal issues based on undisputed facts. No discovery is needed to address and decide the legal issue presented. Moreover, any litigation costs Razo incurred to prove the merits of her case are expenses she would have incurred regardless of the change in the law. The court, therefore, concludes that Defendants may assert their claim preclusion defense at the summary judgment stage despite their failure to include it in their Answer.

      B.   Merits of Claim Preclusion Defense

The McMurray case is highly instructive in determining the merits of Defendants' claim preclusion defense. In *McMurray*, when the plaintiff defaulted on a vehicle loan, the car was repossessed and sold at auction, resulting in a deficiency balance, which debt the financing company sold to a debt collector. *McMurray*, 2023 WL 5938580 at *2. The debt collector sued

the plaintiff in Utah state court for collection of the debt. *Id.* After the plaintiff answered but failed to oppose a summary judgment motion, the debt collector obtained a default judgment against the plaintiff. *Id.* The plaintiff then brought a class action against the debt collector for violations of the FDCPA and UCSPA, claiming that the debt collector had not been properly registered as a collection agency when it filed suit to collect the debt. *Id.* The district court granted summary judgment for the debt collector, finding that the plaintiffs' claims were barred by claim preclusion. *Id.* The Tenth Circuit affirmed that decision. *Id.* at 3-4.

Razo attempts to distinguish *McMurray* because the alleged FDCPA and UCSPA violation in that case involved a registration failure instead of a debt previously discharged in bankruptcy. But the Tenth Circuit extensively discussed the issue Defendants raise in this case—whether FDCPA or UCSPA claims that existed because of the filing of a collection action would be barred in a subsequent proceeding. *See id.* 3-4.

"Claim preclusion 'prevent[s] a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment.'" *McMurray*, 2023 WL 5938580 at *2 (citing *Haik v. Salt Lake City Corp.*, 393 P.3d 285, 289 (Utah 2017)). Federal courts apply the underlying state law in a claim preclusion analysis because "[i]n determining whether a state court judgment precludes a subsequent action in federal court, [courts] must afford the state judgment full faith and credit, giving it the same preclusive effect as would the courts of the state issuing the judgment." *Id.* (quoting *Reed v. McKune*, 298 F.3d 946, 949 (10th Cir. 2002)).

Under Utah law, the proponent of claim preclusion must demonstrate the following elements: 1) both cases "involve the same parties or their privies"; 2) the claim alleged to be barred "must have been presented in the first suit or must be one that could or should have been raised in the first action"; and 3) "the first suit must have resulted in a final judgment on the merits." *Id.* (quoting *Madsen v. Borthick*, 769 P.2d 245, 247 (Utah 1988)). The Tenth Circuit

interprets the foregoing Utah state law to preclude FDCPA and UCSPA claims that arose with the filing of an initial complaint in a prior collection action: "We . . . conclude that claim preclusion applies . . . where the claims arose at the time the initial complaint was filed." *Id.* at *3.

Razo's FDCPA and UCSPA claims here "arose" with the filing of Defendant's collection action. Razo contends that Defendants' filing of the state court collection action to collect a debt that was previously discharged in bankruptcy violated the FDCPA and the UCSPA. The only action Razo contends is material to her motion for partial summary judgment is the filing of the collection action complaint. Razo's allegations parallel those in *McMurray* and compel the same result. The cases are nearly identical.

Razo argues that she was not required to assert her FDCPA and UCSPA claims in the earlier action because her claims under the FDCPA and UCSPA do not arise out of the same contractual transaction or occurrence –the credit card contract—that gave rise to the underlying collection action in state court. The Utah Supreme Court has adopted the transactional approach set out in Section 24 of the Restatement (Second) of Judgments. "Under the transactional test, the claims are the same if they arise from the same operative facts, or in other words from the same transaction." *Gillmor v. Fam. Link, LLC,* 284 P.3d 622, 627 (Utah 2012). Razo contends that her FDCPA and UCSPA claims are governed by completely different bodies of law, require a different set of evidence, and have distinct legal and factual elements than the underlying collection action.

However, the Tenth Circuit explained why McMurray's claims involved the same transaction as the underlying collection lawsuit. *McMurray* confirms that where the alleged inability to collect the debt—in *McMurray*, it was the debt collector's alleged failure to be properly registered but here it is the bankruptcy court's discharge of the debt—existed before the filing of the collection complaint, such that the alleged violation is the filing of the collection

8

action itself, then the action involves the same transaction or occurrence. The Tenth Circuit explained that "it was the very filing of [the debt collector's] complaint that gave rise to [plaintiff's] claims, because [the debt collector's] complaint expressed its intention to collect from [plaintiff], and now [plaintiff] complains of [the debt collector's] legal inability to collect due to its alleged improper registration." *McMurray*, 2023 WL 5938580 at *4. But noting that the debt collector's alleged improper registration existed well before the debt collector filed its complaint, the court concluded that the plaintiff's subsequent claims in federal court "arose from the same transaction as his Utah state court claims, [and] they could and should have been raised in the Utah state court action." *Id.* The court concluded "that claim preclusion applies . . . where the claims arose at the time the initial complaint was filed." *Id.* at 4.

Here, as in *McMurray*, the only question is whether Razo's claims could and should have been raised in the collection action. Just as the *McMurray* court recognized, this is not a situation where a claim developed after the initial collection complaint was filed in state court. Razo's FDCPA and UCSPA claims rely solely on Defendants' filing of the state collection action. Razo, therefore, was in a position to bring the claims in the earlier action. And, under *McMurray*, she should have brought her FDCPA and UCSPA claims in the earlier action.

Razo further argues that Defendants' reliance on *McMurray* is misplaced because *McMurray* was concerned with nullifying the Utah state court's default judgment in favor of the debt collector and impair the debt collector's ability to collect on that judgment. But the court was bolstering its analysis with this discussion and the law that the court relied on does not help Razo. The court recognized that "a claim is precluded in a case that involves a collateral attack on a prior judgment when 'a different outcome in the second action "would nullify the initial judgment or would impair rights established in the initial action."'" *Id.* at *4. This case and *McMurray* are distinct in that Razo's collection action was dismissed by the state court whereas

9

the *McMurray* plaintiff had default judgment entered against him. But that distinction does not make a significant difference with respect to the claim preclusion analysis. In fact, in this case, the fact that Razo was more involved in the state court action cuts against her. She filed a successful motion to dismiss based on the bankruptcy discharge. At that same time, she could have asserted counterclaims under the FDCPA and UCSPA because she alleges that for the same reason Defendants cannot collect on the debt such collection violates the FDCPA and UCSPA. Nothing in this action will nullify the state court judgment dismissing the collection action or impair the rights established in that judgment. A dismissal in this action against Razo merely states that she could and should have raised these FDCPA and UCSPA claims in that underlying action.

Razo also argues that claim preclusion cannot apply in this case because the parties are not the same as in the underlying state collection action. In this action, Razo sued Cullimore, Jefferson Capital's attorney, who was not a party to the collection action that he filed for Jefferson Capital. Although Cullimore filed the collection action on behalf of Jefferson Capital, Razo contends that there is no privity between the Jefferson Capital and Cullimore.

Razo admits that "agents" with similar legal interests may be held in privity but contends that Cullimore's involvement of "merely representing others" is insufficient to create privity for preclusion purposes. But this misstates the law and ignores the allegations in her own Complaint. A person may be found in privity with another for claim preclusion purposes when the person had "some control over the [earlier] litigation." *Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1230 (10th Cir. 2005). Razo's Complaint alleges that "Jefferson Capital Systems employed Defendant Tyson Cullimore to assist in attempting to collect the past due debt and that "[a]t all times relevant to this case the Defendants acted in an agency relationship and authorized, participated in, or otherwise ratified the conduct of the other Defendants." Compl. ¶¶ 21, 51.

10

Razo's Complaint also alleges that Defendants "jointly and severally began attempting to collect the alleged debt" and "jointly and severally attempted to collect interest, court costs, and other relief." *Id.* ¶¶ 22, 23.  There is no legitimate dispute on the facts asserted in the Complaint that Cullimore, an alleged employee and agent of Jefferson Capital, who was acting "jointly and severally" with Jefferson Capital, was in privity with Jefferson Capital.  Therefore, claim preclusion can apply in these circumstances.

Based on the above reasoning, the court concludes that Razo's FDCPA and UCSPA claims are barred by claim preclusion.  Accordingly, the court denies Razo's Motion for Partial Summary Judgment and grants Defendant's Motion for Summary Judgment.

2. Bankruptcy Code

Alternatively, Defendants argue that Razo's FDCPA and UCSPA are both premised on the filing of an action to collect a debt that had been discharged in bankruptcy and, as a general rule, collection of discharged debt would be improper because it contravenes the injunction against the "commencement or continuation of any action . . . to collect, recover or offset any such debt as a personal liability of the debtor."  11 U.S.C. 524.  Defendants, therefore, contend that "[b]ringing a contempt proceeding to sanction the creditor for violating the discharge injunction is the generally recognized remedy," not FDCPA and UCSPA claims. *See In re Van Winkle*, No. 13-11743, 2017 WL 2729069, *3 (Bankr. D. N.M. June 23, 2017) (citing *Paul v. Iglehart (In re Paul)*, 534 F.3d 1303 (10th Cir. 2008)).  There appears to be a split among Circuits on this issue.  However, because the court has already determined that Razo's FDCPA and UCSPA claims are barred by claim preclusion, the court need not address this alternative basis for dismissal.

## CONCLUSION

Based on the above reasoning, Plaintiff Kaylynn Razo's Motion for Partial Summary Judgment [ECF No. 21] is DENIED and Defendants Jefferson Capital Systems LLC and Tyson

Cullimore's Cross Motion for Summary Judgment [ECF No. 26] is GRANTED because Razo's FDCPA and UCSPA are barred by claim preclusion. The court, therefore, also finds that Defendants' Alternative Motion for Summary Judgment on Affirmative Defense of Bona Fide Error [ECF No. 36] is MOOT.

DATED this 17th day of October 2024.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge